UNION WELTING CO. v. McCARTER.

(Circuit Court of Appeals, First Circuit. May 16, 1901.)

No. 365.

PATENTS—INVENTION—DESIGN FOR SEAM-WELTING STRIP.

The Merrick design patent, No. 29,914, for a seam-welting strip, *held* void on demurrer for lack of invention manifest on its face.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

The following is the opinion of the circuit court (LOWELL, District Judge):

This is a bill in equity for the infringement of design patent No. 29,914, for a seam-welting strip. The defendant has demurred to the bill for want of invention in the patent. That the question of invention, though purely an issue of fact, may sometimes be raised by a demurrer to a bill in equity, is now settled. Patent Button Co. v. Consolidated Fastener Co. (C. C.) 84 Fed. 189, and cases therein cited. Even in New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co., 137 U. S. 445, 449, 11 Sup. Ct. 193, 195, 34 L. Ed. 741, 743, in which the supreme court reversed the decree of the circuit court sustaining a demurrer to the bill, Mr. Justice Bradley said: "We think that the judge was right in holding that the first claim of the patent is altogether too broad to be sustained, and for the reasons stated in the opinion." But this court, though it must now recognize that abnormal practice, which, in the absence of decisions by the supreme court, might be deemed contrary to the general principles of law, must always be mindful of the

considerations forcibly stated by Judge Putnam in the Patent Button Co Case, above cited. A demurrer for want of invention can be sustained "only in an unusual case, and under such circumstances that the court could see clearly that under no state of proofs which could possibly be suggested could patentability be shown." This can be affirmed, I think, of the patent in suit. Upon its face, and irrespective of any proof, probable or possible, it appears to me manifestly to lack invention. Indeed, there is difficulty in discovering in the specifications or in the drawings any design whatsoever, patentable or otherwise; and, even if there be such design in the welting strip taken by itself, yet in the applied samples exhibited by way of illustration that design is effectually concealed. In Buckingham v. Iron Co. (C. C.) 51 Fed. 236, the court held void on demurrer a patent for a plow beam having an upper and lower flange and a concavity between them. This was a patent for machinery, but in a design patent the cutting away a part of the sides of a strip appears to me to require no more invention than in a patent concerned with mechanical structure. To require or to permit the complainant to introduce proofs would, I think, put both parties to an expense manifestly needless. While a judge should be diffident to declare without proofs, and with no knowledge of the art, that a so-called "design" discloses no patentable invention, yet I must think that, if a design patent be ever open to demurrer, it is in this case. Demurrer sustained.

William A. Macleod, for appellant.

Odin B. Roberts (Robert Cushman, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PER CURIAM. This appeal relates to a patent for a design. The case, in the circuit court, was disposed of against the complainant on the demurrer of the respondent. The learned judge who sat in that court, referring to the patent, among other things, said: "Upon its face, and irrespective of any proof, probable or possible, it appears to me manifestly to lack invention." We agree entirely with this observation, and that, therefore, the case was a suitable one for final disposition on a demurrer. The decree of the circuit court is affirmed, and the appellee will recover his costs of appeal.